## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-203-FDW
## (3:11-cr-2-MOC-1)

| | |
|---|---|
| GIRAUD HOPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TIN, FULTON, WALKER AND OWEN, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court upon Plaintiff Giraud Hope's Motion to Proceed In Forma Pauperis (Doc. No. 2) and on initial review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

On February 9, 2011, Hope pled guilty in federal district court, pursuant to a plea agreement, to one count of conspiracy to commit health-care fraud, in violation of 18 U.S.C. § 1349.  Plea, Doc. No. 8.[1]  Although the advisory sentencing guidelines provided for a range of imprisonment between 37 and 46 months, the Court departed downward and sentenced Hope to 15 months in prison followed by a term of supervised release.  Judgment, Doc. No. 15. Judgment was entered on November 3, 2011.  Hope did not enter a direct appeal.

After successfully completing the term of imprisonment, Hope began serving the

---

[1] Unless otherwise indicated, documents and docket entries cited without parentheticals are from Hope's underlying criminal case:  United States v. Hope, 3:11-cr-2-MOC-1 (W.D.N.C).

1

supervised release portion of his sentence but was brought before the Court on a violation of the terms of supervised release. On October 14, 2014, the Court entered a Judgment for Revocation of Supervised Release, imposing a sentence of nine months in prison, followed by 24 months of supervised release. SRV Judgment, Doc. No. 28. Hope did not appeal the Judgment.

On September 2, 2015, Hope filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, challenging his 2011 Judgment for conspiracy to commit health-care fraud. Motion to Vacate, Hope v. United States, 3:15-cv-408-MOC (N.C.W.D.), Doc. No. 1. On January 5, 2016, the Court entered an Order dismissing the Motion to Vacate as untimely. Order Dismiss'g Mot. to Vacate, id. at Doc. No. 12. On May 23, 2016, the Fourth Circuit Court of Appeals entered an unpublished opinion dismissing Hope's appeal of this Court's Order. United States v. Hope, 639 F. App'x 961 (4th Cir.) (Mem), cert. denied, 137 S. Ct. 408 (2016) (Mem).

On January 12, 2017, Hope filed a second Motion to Vacate, Set Aside, or Correct Sentence under § 2255. Mot. to Vacate, Hope v. United States, 3:17-cv-00014-MOC (N.C.W.D.), Doc. No. 1. He again challenged only his 2011 Judgment for conspiracy to commit health-care fraud. Id. On January 18, 2017, the Court dismissed the Motion to Vacate without prejudice as an unauthorized, successive § 2255 motion. Order Dismiss'g Mot. to Vacate, id. at Doc. No. 2.

Hope was released from the custody of the Federal Bureau of Prisons on February 17, 2015. Order Modify'g Conditions of Supervised Release, Doc. No. 40. His term of supervised release expired on February 17, 2017. Id.

On April 14, 2017, Hope filed the instant action purporting to raise claims under 18 U.S.C. § 1983. (Compl. 1, Doc. No. 1.) In his Complaint, Plaintiff challenges the legality of his

federal prosecution contending that through Defendants' ineffectiveness his federal constitutional rights were violated, and he raises a claim for monetary damages and other forms of relief.

## II.     STANDARD OF REVIEW

Federal law requires that a party instituting a civil action in federal district court pay a filing fee or be granted leave to proceed without prepayment of fees and costs.  See 28 U.S.C. §§ 1914(a), 1915(a)(1).  To establish an inability to pay, the plaintiff must submit an affidavit that includes a statement that the person is unable to pay such fees.

Hope did not use a standard "Application to Proceed in District Court without Prepaying Fees or Costs" form, and his Motion to Proceed In Forma Pauperis is almost impossible to follow.  (Doc. No. 2.)  Nevertheless, the Court will grant the Motion because the debt Hope currently owes for taxes, student loans, and Court-ordered restitution totals over $2 million dollars.  (Doc. No. 2.)

Because Hope is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

Hope asserts that counsel never introduced "Intervening Circumstances of Substantial Effect" in the case "where Movant was wrongfully convicted and imprisoned for Healthcare

Fraud Conspiracy." (Compl. 2, Doc. No. 1.) Hope also contends that "counsel of record was completely unaware of the applicability of this judicial terminology, and its applicability in exemplifying Movant's exculpability in the commission of the crime for which he was wrongfully convicted and imprisoned, or simply omitted this information from counsel with Movant." (Compl. 2.) The Complaint continues for another five pages using similar language and phraseology without making any coherent allegations of wrongdoing on the part of Defendants. In fact, the only identifiable "claim" in the Complaint is Hope's contention that he is innocent of conspiracy to commit healthcare fraud.

In <u>Heck v. Humphrey</u>, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994) (footnotes omitted; emphasis added). Here, judgment in Hope's favor would necessarily require the Court to find that Hope's criminal judgment was obtained following an unlawful prosecution and conviction. Consequently, Hope cannot bring his current claim for damages unless he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated. <u>See id.</u> It is undisputed, however, that Hope's conviction has not been reversed, expunged, or otherwise invalidated. Accordingly, this action is barred by <u>Heck</u>.

4

Additionally, the Court has reviewed the record of Hope's criminal proceedings, including the Presentence Report, Doc. No. 10 (sealed), and the Statement of Reasons for departing from the sentencing guidelines, Doc. No. 16 (sealed). Based upon information contained in the record of those criminal proceedings, the Court finds that Hope's Complaint should also be dismissed as frivolous.

**IT IS, THEREFORE, ORDERED** that:

1. The 42 U.S.C. § 1983 Complaint (Doc. No. 1) is **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2); and

2. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED.**

Signed: May 26, 2017

Frank D. Whitney
Chief United States District Judge